```
 1   JOSEPH P. RUSSONIELLO (CSBN 44332)
     United States Attorney
 2   JOANN M. SWANSON (CSBN 88143)
     Chief, Civil Division
 3   JENNIFER S WANG (CSBN 233155)
     Assistant United States Attorney
 4
        450 Golden Gate Avenue, Box 36055
 5      San Francisco, California 94102-3495
        Telephone: (415) 436-6967
 6      Facsimile:  (415) 436-6748
        Email: jennifer.s.wang@usdoj.gov
 7
     Attorneys for the Federal Defendant
 8
     GREGORY P. BROCK
 9   York & Brock
     A Law Corporation
10   918 Parker Street, Suite A21
     Berkeley, CA 94710
11   Telephone: (510) 841-1171
     Facsimile: (510) 841-1666
12   gbrock@jyorklaw.com
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| JAMES POINT, | ) | No. C 07-6398 JSW |
| Plaintiff, | ) ) | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER** |
| v. | ) ) | |
| UNITED STATES OF AMERICA, and DOES 1-10, Inclusive, | ) ) ) | |
| Defendants. | ) | |

Pursuant to Federal Rule of Civil Procedure 26 and the Order Setting Initial Case Management Conference dated March 20, 2008, the parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**1. JURISDICTION AND SERVICE**

This action is brought under the Federal Tort Claims Act, 28 U.S.C. sec. 1346(b)(1).

On April 9, 2008, plaintiff filed a first amended complaint, substituting the United States for the United States Postal Service and Kelvin Hill as defendants. Plaintiff has completed service of the first amended complaint.

## 2. FACTS

### A. Brief chronology of the facts:

Plaintiff alleges that on or about December 28, 2005, he was a passenger in a tractor-trailer driven by his girlfriend, Brenda Sherrard. Plaintiff further alleges that at or near the intersection of Third Street and Evans Avenue in San Francisco, California, a United States Postal Service ("USPS") truck operated by USPS driver, Kelvin Hill, collided with the truck in which plaintiff was riding. Plaintiff alleges that as a result of the collision he suffered physical injuries, wage loss and damage to his personal property.

Defendant denies the allegations and contends that plaintiff caused the accident by running a red light.

### B. The principal factual issues in dispute:

The parties believe the following factual issues are presently in dispute:

(1) Whether plaintiff was the driver of the tractor-trailer involved in the collision.

(2) Whether plaintiff's alleged injuries were proximately caused by negligent or otherwise wrongful acts or omissions of defendant.

(3) Whether plaintiff's alleged injuries were proximately caused by negligent or otherwise wrongful acts or omissions of plaintiff.

(4) Whether plaintiff's alleged injuries were proximately caused by negligent or otherwise wrongful acts or omissions of a third party.

(5) The percentage of fault of the plaintiff and/or other third party in plaintiff's alleged injuries.

(6) The amount and nature of any damages plaintiff has suffered due to the alleged accident.

## 3. LEGAL ISSUES

The parties believe the following legal issues are presently in dispute:

(1) Whether plaintiff can prove the injuries and damages claimed in the complaint resulted from defendant's negligence.

(2) Whether plaintiff is entitled to the compensatory relief and damages claimed in the amended complaint.

## 4. MOTIONS

No prior motions have been filed, and no motions are pending. Following expert consultation and discovery, defendant might move for summary judgment or adjudication of issues under Federal Rule of Civil Procedure 56. Defendant anticipates filing discovery motions if the need arises.

## 5. AMENDMENT OF PLEADINGS

Plaintiff filed an Amended Complaint on April 9, 2008. Pursuant to the parties' stipulation and the Court's order, defendant will file its response to the Amended Complaint by June 9, 2008. Defendant anticipates filing a counterclaim for property damage to the USPS truck.

## 6. EVIDENCE PRESERVATION

Defendant is taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. Defendant is presently aware of no document destruction programs that would apply in this case.

## 7. DISCLOSURES

Defendant served initial disclosures pursuant to Federal Rule of Civil Procedure 26 on April 11, 2008. The parties have agreed that plaintiff will serve his initial disclosures on April 14, 2008.

## 8. DISCOVERY

### A. Scope of Discovery to Date

Defendant has served its initial disclosures. Plaintiff will serve his initial disclosures on April 14, 2008. The parties have not yet taken discovery.

### B. Formal Plan of Discovery

On March 28, 2008, counsel for the parties discussed a discovery plan for this case. As a result of these discussions, the parties propose the following discovery plan: Discovery will be needed on the following subjects: (1) the circumstances giving rise to and the facts surrounding

JOINT CASE MANAGEMENT STATEMENT
C07-6398 JSW                                          3

the vehicular accident in question; (2) the plaintiff's physical condition before and after the alleged accident; and (3) the scope, nature and extent of plaintiff's claim for compensatory relief and damages. To that end, defendant anticipates propounding interrogatories, requests for admission, and requests for production of documents, and anticipates deposing plaintiff, Brenda Sherrard, and the witnesses plaintiff may identify in his initial disclosures. To the extent plaintiff seeks damages for any physical injuries, defendant will request that he submit to an independent medical examination. Furthermore, defendant may designate experts in this case.

At this time, the parties do not foresee issues concerning disclosure or discovery of electronically stored information. At this time, the parties expect that production of electronically stored information in paper form will suffice.

The parties request that the usual discovery limitations set forth in the Federal Rule of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and 10-deposition limit under Rule 30, apply.

## 9. CLASS ACTIONS

Not applicable.

## 10. RELATED CASES

Defendant knows of no related cases.

## 11. RELIEF

Defendant seeks financial recovery for property damage and a judgment in its favor.

## 12. SETTLEMENT AND ADR

The parties have not yet participated in any settlement discussions. On April 11, 2008, the parties filed a Stipulation Selecting ADR Process, and Defendant filed its ADR Certification.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Defendant does not consent to the assignment of this case to a Magistrate Judge.

## 14. OTHER REFERENCES

None at this time.

## 15. NARROWING OF ISSUES

None at this time.

### 16. EXPEDITED SCHEDULE

Defendant does not believe an expedited schedule is appropriate for this case.

### 17. SCHEDULING

Proposed fact discovery cut-off: December 12, 2008

Proposed expert discovery cut-off: December 29, 2008

Proposed dispositive motion hearing cut-off: February 27, 2009

Proposed dispositive motion filing deadline: January 23, 2009

Proposed pre-trial conference date: April 6, 2009

Proposed trial date: April 27, 2009

### 18. TRIAL

By statute, trial in this action will be a bench trial. Defendant anticipates that trial will last three to four days.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

As governmental entities, defendant is exempt from the disclosure requirement of Civil Local Rule 3-16.

### 20. OTHER MATTERS THAT MAY FACILITATE DISPOSITION

None at this time.

Respectfully submitted,
JOSEPH P. RUSSONIELLO
United States Attorney

Dated: April 11, 2008

/s/
JENNIFER S WANG
Assistant United States Attorney
Attorneys for Defendant


YORK & BROCK

Dated: April 11, 2008

/s/
GREGORY BROCK
Attorney for Plaintiff

1 | Defendant does not believe an expedited schedule is appropriate for this case.
2 | **17. SCHEDULING**
3 | Proposed fact discovery cut-off: December 12, 2008
4 | Proposed expert discovery cut-off: December 29, 2008
5 | Proposed dispositive motion hearing cut-off: February 27, 2009
6 | Proposed dispositive motion filing deadline: January 23, 2009
7 | Proposed pre-trial conference date: April 6, 2009
8 | Proposed trial date: April 27, 2009
9 | **18. TRIAL**
10 | By statute, trial in this action will be a bench trial. Defendant anticipates that trial will
11 | last three to four days.
12 | **19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**
13 | As governmental entities, defendant is exempt from the disclosure requirement of
14 | Civil Local Rule 3-16.
15 | **20. OTHER MATTERS THAT MAY FACILITATE DISPOSITION**
16 | None at this time.

Respectfully submitted,
JOSEPH P. RUSSONIELLO
United States Attorney

Dated: April __, 2008

JENNIFER S WANG
Assistant United States Attorney
Attorneys for Defendant


YORK & BROCK

Dated: April 11, 2008

GREGORY BROCK
Attorney for Plaintiff

JOINT CASE MANAGEMENT STATEMENT
C07-6398 JSW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[PROPOSED] ORDER**

The parties' Joint Case Management Statement is hereby adopted by the Court as the Case Management Order for this case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated: _____     _____
                                  JEFFREY S. WHITE
                                  UNITED STATES DISTRICT COURT JUDGE