JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6967
Facsimile:  (415) 436-6748
Email: jennifer.s.wang@usdoj.gov

Attorneys for the Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES POINT,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES, and DOES 1-10, Inclusive,<br><br>    Defendant.<br>_____<br>UNITED STATES,<br>    Counterclaimant,<br><br>v.<br><br>JAMES POINT,<br>    Counterdefendant.<br>_____ | No. C 07-6398 EDL<br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM** |

    For its Answer to Plaintiff's First Amended Complaint, Defendant UNITED STATES OF AMERICA admits, denies, and alleges as follows:

1. Paragraph 1 contains jurisdictional allegations to which no answer is required.

2. Paragraph 2 contains allegations regarding venue to which no answer is required.

3. Defendant admits that the United States Postal Service ("Postal Service") owned and Postal Service employee Kelvin Hill operated a Postal Service truck.  Defendant further admits

that Hill was driving within the course and scope of his employment at all times relevant to the vehicular accident involving plaintiff James Point.  Except as expressly admitted, defendant denies all remaining allegations of Paragraph 3.

## CLAIM FOR NEGLIGENCE

4. Defendant incorporates its responses to paragraphs 1 through 3 above, and incorporates each response therein as though fully set forth herein.

5. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 4, and on that basis denies the allegations of Paragraph 4.

6. Defendant admits that plaintiff James Point was traveling on Third Street, at or near the intersection with Evans Avenue in San Francisco, California.  Except as expressly admitted, all remaining allegations of Paragraph 5 are denied.

7. Defendant denies the allegations of Paragraph 6.

8. Defendant denies the allegations of Paragraph 7.

9. Defendant denies the allegations of Paragraph 8.

10. Defendant denies the allegations of Paragraph 9.

11. Defendant denies the allegations of this Paragraph 10.

12. Defendant admits that a claim was presented to the Postal Service and denied on July 18, 2007.  Except as expressly admitted, all remaining allegations of Paragraph 11 are denied.

13. Paragraph 12 contains a jury demand to which no response is required.

## PRAYER

14. The paragraph beginning with "WHEREFORE" and paragraphs 13 through 19 set forth plaintiff's prayer for relief to which no response is required.  To the extent a response is required, defendant denies the allegations of the paragraph beginning with "WHEREFORE" and paragraphs 13 through 19.

All allegations not specifically responded to above are denied.

AND FURTHER answering, defendant avers:

///

///

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM
07-6398 EDL                                     2

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Court is without subject matter jurisdiction over plaintiff's claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies as to each and every claim.

### THIRD AFFIRMATIVE DEFENSE

The complaint and each claim asserted therein fail to state a cause of action upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages, if any, and any recovery or award should be reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff may recover only those damages allowed under the law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is barred by the doctrine of unclean hands, laches, and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to absolute, sovereign, and/or qualified immunity.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, were proximately caused by plaintiff's own negligent or otherwise wrongful conduct.

### TENTH AFFIRMATIVE DEFENSE

The United States of America, through its employees, exercised due care and diligence in all matters relevant to the subject matter of plaintiff's complaint.

///

///

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, were not proximately caused by any negligent or otherwise wrongful act or omission of any employee of the United States.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were proximately caused by the intervening or superseding acts of someone other than an employee of the United States acting within the scope of his employment.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery or other award made against the United States herein must be reduced by the percentage of fault of the plaintiff and/or other third party, and any recovery or other award made against the United States herein for non-economic damages must be limited to the percentage of fault, if any, of the United States.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant denies that it or any of its agents or employees were negligent and/or breached any standard of care due the plaintiff and/or engaged in any conduct which was the proximate cause of the injuries, damages and losses allegedly incurred by plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant contests the extent of plaintiff's claimed injuries, whatever they may be, as well as plaintiff's assertion that these injuries, resulting treatment, alleged requirement for future treatment and/or residual effects were caused by the accident referenced in plaintiff's complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant contests the amount and/or reasonable necessity of any claim of damages for which plaintiff seeks relief in his complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The alleged incident was caused by carelessness, recklessness, or negligence of the plaintiff, and consisted of, but was not limited to, the following:

- Failure to stop at a red light in violation of Section 21453(a) of the California Vehicle Code;

1 • Driving in an impaired state and/or without sufficient rest;
2 • Failing to keep a proper lookout;
3 • Failing to devote full time and attention to where he was driving; and
4 • Failing to act with that degree of care which a reasonably prudent person would have exercised for his own safety under the same or similar circumstances, for example, by failing to wear his seat belt at the time of the alleged accident.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any injury, damages and/or loss alleged to have been incurred by plaintiff was occasioned by his comparative negligence and if so, plaintiff's damages shall be reduced by said percentage of fault.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the discretionary function exception to the Federal Tort Claims Act.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Under 28 U.S.C. § 2674, plaintiff is barred from recovering civil penalties and treble damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2675, plaintiff is prohibited from claiming or recovering an amount against the United States in excess of that which was set forth in any claim presented to the United States Postal Service.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2402, plaintiff is not entitled to a jury trial.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Under 28 U.S.C. § 2674, plaintiff is proscribed from recovering any amount for prejudgment interest against the United States of America.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Under 28 U.S.C. § 2412(d)(1)(A), plaintiff cannot recover attorney's fees from the United States of America.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its Answer with additional defenses of which it may become aware as discovery progresses and to raise any other matter constituting an avoidance or affirmative defense.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered all counts of the Complaint, defendant prays that plaintiff take nothing by way of his Complaint against it, that the same be dismissed, and that judgment be awarded in favor of defendant, together with costs and other and further relief as the Court deems appropriate in this case.

### DEFENDANT UNITED STATES OF AMERICA'S COUNTERCLAIM AGAINST PLAINTIFF-COUNTERDEFENDANT JAMES POINT FOR DAMAGES

Defendant-counterclaimant United States of America, hereby files its counterclaim against plaintiff-counterdefendant James Point, and upon information and belief and in support thereof alleges the following:

### NATURE OF THE ACTION

1. In this action, defendant-counterclaimant the United States of America has been sued for negligence in connection with a vehicular accident that occurred on December 28, 2005.

2. The United States of America, sues on behalf of the Postal Service, an independent establishment of the government of the United States of America for a judgment of the property damage to its Postal Service vehicle proximately resulting from the accident, and for other appropriate relief.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1367(a).

4. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and (c).

### PARTIES

5. Defendant-counterclaimant is the United States of America.

6. Plaintiff-counterdefendant is James Point, a resident of Early, Iowa.

### FACTUAL ALLEGATIONS

7. On or about December 28, 2005, Kelvin Hill, an employee of the Postal Service, was driving a tractor trailer owned by the Postal Service on Evans Avenue in San Francisco, California. A vehicle collided with the Postal Service's tractor trailer driven by Hill at or near the intersection at Evans Avenue and Third Street in San Francisco, California. In their traffic collision report, San Francisco Police Department officers investigating the accident identified plaintiff-counterdefendant James Point as the driver of the vehicle that collided with the Postal Service's tractor trailer.

8. Upon information and belief, on or about December 28, 2005, plaintiff-counterdefendant Point was driving a vehicle southbound on Third Street in San Francisco, California. As he drove through the intersection at Evans Avenue and Third Street in San Francisco, California, plaintiff-counterdefendant Point failed to exercise due care in the operation of the vehicle. Specifically, plaintiff-counterdefendant Point drove through the intersection despite the fact that the traffic signal was red, in violation of California Vehicle Code Section 21453(a). As a direct and proximate result of plaintiff-counterdefendant Point's negligence, his vehicle collided with the Postal Service tractor trailer driven by Hill.

9. As a direct and proximate result of plaintiff-counterdefendant Point's negligence, defendant-counterclaimant's tractor trailer suffered property damage in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, defendant-counterclaimant United States of America prays for judgment against plaintiff-counterdefendant James Point as follows:

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM
07-6398 EDL                                         7

1    (A)    Directing plaintiff-counterdefendant to pay defendant-counterclaimant the
2           property damage as a result of plaintiff-counterdefendant's negligence;
3    (B)    For costs of suit herein;
4    (C)    For such further relief as the Court may deem proper.

6    DATED: June 5, 2008                Respectfully submitted,

7                                       JOSEPH P. RUSSONIELLO
                                        United States Attorney

                                        By:      /s/
9                                       JENNIFER S WANG
                                        Assistant United States Attorney

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM
07-6398 EDL                                      8