JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-6967
   Facsimile:  (415) 436-6748
   Email: jennifer.s.wang@usdoj.gov

Attorneys for the Federal Defendant

GREGORY P. BROCK
Brock Law Office
10106 San Pablo Avenue
El Cerrito, CA 94530
Telephone: (510) 841-1171
Facsimile: (510) 841-1666
lawyer@gregorybrock.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES POINT,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, and<br>DOES 1-10, Inclusive,<br><br>    Defendants. | No. C 07-6398 EDL<br><br>**JOINT CASE MANAGEMENT<br>STATEMENT AND [PROPOSED] CASE<br>MANAGEMENT ORDER**<br><br>Date: August 26, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom E, 15th Fl. |

    Pursuant to Federal Rule of Civil Procedure 26 and the Order Setting Case Management

Conference dated July 24, 2008, the parties to the above-entitled action jointly submit this Case

Management Statement and Proposed Order and request the Court to adopt it as its Case

Management Order in this case.

**1. JURISDICTION AND SERVICE**

    This action is brought under the Federal Tort Claims Act, 28 U.S.C. sec. 1346(b)(1).

On April 9, 2008, plaintiff filed a first amended complaint.  Plaintiff has completed service of the first amended complaint.  On June 5, 2008, defendant filed an answer and counterclaim.  Plaintiff has filed an answer to defendant's counterclaim.

**2. FACTS**

**A. Brief chronology of the facts:**

Plaintiff alleges that on or about December 28, 2005, he was a passenger in a tractor-trailer truck driven by his girlfriend, Brenda Sherrard.  Plaintiff further alleges that at or near the intersection of Third Street and Evans Avenue in San Francisco, California, a United States Postal Service ("USPS") truck operated by USPS driver, Kelvin Hill, collided with the truck in which plaintiff was riding.  Plaintiff alleges that as a result of the collision he suffered physical injuries, wage loss and damage to his personal property.

Defendant denies the allegations and contends that plaintiff caused the accident by running a red light.

**B. The principal factual issues in dispute:**

The parties believe the following factual issues are presently in dispute:

(1) Whether plaintiff was the driver of the tractor-trailer involved in the collision.

(2) Whether plaintiff's alleged injuries were proximately caused by negligent or otherwise wrongful acts or omissions of defendant.

(3) Whether plaintiff's alleged injuries were proximately caused by negligent or otherwise wrongful acts or omissions of plaintiff.

(4) Whether plaintiff's alleged injuries were proximately caused by negligent or otherwise wrongful acts or omissions of a third party.

(5) The percentage of fault of the plaintiff and/or other third party in plaintiff's alleged injuries.

(6)  The amount and nature of any damages plaintiff has suffered due to the alleged accident.

**3. LEGAL ISSUES**

The parties believe the following legal issues are presently in dispute:

(1)  Whether plaintiff can prove the injuries and damages claimed in the complaint resulted from defendant's negligence.

JOINT CASE MANAGEMENT STATEMENT
C07-6398 EDL                              2

1    (2) Whether plaintiff is entitled to the compensatory relief and damages claimed in the

2    amended complaint.

3    **4.  MOTIONS**

4    No prior motions have been filed, and no motions are pending.  Following additional

5    discovery regarding the facts surrounding the December 28, 2005 vehicular accident, defendant

6    may move for leave, pursuant to Federal Rule of Civil Procedure 14, to bring a third-party

7    complaint for property damage to the USPS truck against Ms. Sherrard.

8    Following expert consultation and discovery, defendant might move for summary judgment

9    or adjudication of issues under Federal Rule of Civil Procedure 56.  Defendant anticipates filing

10   discovery motions if the need arises.

11   **5.  AMENDMENT OF PLEADINGS**

12   _____Following additional discovery regarding the facts surrounding the vehicular accident,

13   defendant may seek leave to bring a third-party complaint for property damage to the USPS truck

14   against Ms. Sherrard.

15   **6.  EVIDENCE PRESERVATION**

16   Defendant is taking, and will continue to take, all reasonable steps to preserve any

17   evidence relevant to the issues reasonably evident in this lawsuit.  Defendant is presently aware

18   of no document destruction programs that would apply in this case.

19   **7.  DISCLOSURES**

20   ___   The parties have served initial disclosures pursuant to Federal Rule of Civil Procedure 26.

21   **8.  DISCOVERY**

22   **A.  Scope of Discovery to Date**

23   The parties have served initial disclosures.  Defendant has served written discovery

24   requests and has taken plaintiff's deposition.  A deposition of Ms. Sherrard is tentatively

25   scheduled for August 27, 2008.

26   **B.  Formal Plan of Discovery**

27   On March 28, 2008, counsel for the parties discussed a discovery plan for this case.  As a

28   result of these discussions, the parties propose the following discovery plan:  Discovery will be

1   needed on the following subjects: (1) the circumstances giving rise to and the facts surrounding

2   the vehicular accident in question; (2) the plaintiff's physical condition before and after the

3   alleged accident; and (3) the scope, nature and extent of plaintiff's claim for compensatory relief

4   and damages.  To that end, defendant anticipates propounding interrogatories, requests for

5   admission, and requests for production of documents, and anticipates deposing the witnesses

6   plaintiff identified in his initial disclosures.  To the extent plaintiff seeks damages for any

7   physical injuries, defendant will request that he submit to an independent medical examination.

8   Furthermore, defendant may designate experts in this case.

9          At this time, the parties do not foresee issues concerning disclosure or discovery of

10  electronically stored information.  At this time, the parties expect that production of

11  electronically stored information in paper form will suffice.

12         The parties request that the usual discovery limitations set forth in the Federal Rule of

13  Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and

14  10-deposition limit under Rule 30, apply.

15  **9.  CLASS ACTIONS**

16         Not applicable.

17  **10.  RELATED CASES**

18         Defendant knows of no related cases.

19  **11.  RELIEF**

20         Defendant seeks financial recovery for property damage and a judgment in its favor.

21  **12.  SETTLEMENT AND ADR**

22         _____The parties have not yet participated in any settlement discussions.  On April 11, 2008,

23  the parties filed a stipulation to participate in mediation through the Court-administered ADR

24  department.  Although the parties received a notice that a mediator has been assigned, neither

25  party has been contacted by the mediator.

26  **13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

27         The parties consented to the assignment of this case to Magistrate Judge Elizabeth D.

28   Laporte.

JOINT CASE MANAGEMENT STATEMENT
C07-6398 EDL                    4

1   **14.  OTHER REFERENCES**

2       None at this time.

3   **15.  NARROWING OF ISSUES**

4       None at this time.

5   **16.  EXPEDITED SCHEDULE**

6       Defendant does not believe an expedited schedule is appropriate for this case.

7   **17.  SCHEDULING**

8       Proposed fact discovery cut-off: December 12, 2008

9       Proposed expert discovery cut-off: January 29, 2008

10      Proposed dispositive motion hearing cut-off: March 3, 2008

11      Proposed dispositive motion filing deadline: January 27, 2009

12      Proposed pre-trial conference date: April 7, 2009

13      Proposed trial date: June 8, 2009

14  **18.  TRIAL**

15      By statute, trial in this action will be a bench trial.  Defendant anticipates that trial will

16  last three to four days.  _____

17  **19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

18      As governmental entities, defendant is exempt from the disclosure requirement of

19  Civil Local Rule 3-16.

20  **20.  OTHER MATTERS THAT MAY FACILITATE DISPOSITION**

21      None at this time.

22

23                                      Respectfully submitted,
                                        JOSEPH P. RUSSONIELLO
24                                      United States Attorney

25  Dated: August 5, 2008                      /s/
                                        _____
26                                      JENNIFER S WANG
                                        Assistant United States Attorney
27                                      Attorneys for Defendant

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YORK & BROCK

Dated: August 4, 2008                    _____/s/_____
                                         GREGORY BROCK
                                         Attorney for Plaintiff


**[PROPOSED] ORDER**

        The parties' Joint Case Management Statement is hereby adopted by the Court as the

Case Management Order for this case and the parties are ordered to comply with this Order.  In

addition, the Court orders:




Dated: _____          _____
                                         ELIZABETH D. LAPORTE
                                         UNITED STATES MAGISTRATE JUDGE