1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  JENNIFER S WANG (CSBN 233155)
   Assistant United States Attorney
4
   450 Golden Gate Avenue, Box 36055
5  San Francisco, California 94102-3495
   Telephone: (415) 436-6967
6  Facsimile:  (415) 436-6748
   Email: jennifer.s.wang@usdoj.gov
7
   Attorneys for the Federal Defendant
8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12  JAMES POINT,                    )   No. C 07-6398 EDL
                                    )
13        Plaintiff,                )   **SETTLEMENT AGREEMENT**
                                    )
14        v.                        )
                                    )
15  UNITED STATES OF AMERCIA, and   )
    DOES 1-10, Inclusive,           )
16                                  )
          Defendant.                )
17  _____)
                                    )
18  UNITED STATES OF AMERICA,       )
          Counterclaimant,          )
19                                  )
          v.                        )
20                                  )
    JAMES POINT,                    )
21        Counterdefendant.         )
22  _____)

23              **SETTLEMENT AGREEMENT**

        Plaintiff James Point and defendant United States of America hereby enter into this

24  Settlement Agreement (the "Agreement"), as follows:

25        1.    The parties hereby agree to settle and compromise *James Point v. United States of*

26  *America*, United States District Court for the Northern District of California Case Number C 07-

27  6398 EDL (the "Lawsuit"), under the terms and conditions set forth herein.

28        2.    The United States of America agrees to pay plaintiff the sum of Twenty Seven

    Thousand Five Hundred Dollars ($27,500.00) (the "Settlement Amount") in full settlement and

1    satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and

2    nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen

3    bodily and personal injuries, damage to property and the consequences thereof, resulting, and to

4    result, from the same subject matter that gave rise to the Lawsuit for which plaintiff or his heirs,

5    executors, administrators, or assigns, and each of them, now have or may hereafter acquire

6    against the United States of America, its agencies, agents, servants, or employees.

7         3.      Plaintiff and his heirs, executors, administrators, and assigns hereby agree to

8    accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands,

9    rights, or causes of action of whatsoever kind and nature, arising from, and by reason of any and

10    all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to

11    property and the consequences thereof which they may have or hereafter acquire against the

12    United States of America, its agencies, agents, servants, or employees on account of the same

13    subject matter that gave rise to the Lawsuit. Plaintiff and his heirs, executors, administrators, and

14    assigns further agree to reimburse, indemnify, and hold harmless the United States of America,

15    its agencies, agents, servants, and employees from any and all such causes of action, claims,

16    liens, rights, or subrogated or contribution interests incident to or resulting from further litigation

17    or the prosecution of claims by plaintiff or his heirs, executors, administrators, or assigns against

18    any third party or against the United States of America.

19         4.      This Agreement shall not constitute an admission of liability or fault on the part of

20    the United States of America, its agencies, agents, servants, or employees, and is entered into by

21    and between the parties for the purpose of compromising disputed claims and avoiding the

22    expenses and risks of litigation.

23         5.      This Agreement may be pled as a full and complete defense to any subsequent

24    action or other proceeding involving any person or party which arises out of the claims released

25    and discharged by this Agreement.

26         6.      The Settlement Amount represents the entire amount of the compromise

27    settlement. The parties will each bear their own costs, attorneys' fees, and expenses, and any

28    attorneys' fees or liens owed by plaintiff will be paid out of the Settlement Amount and not in

     addition thereto.

1    7.    It is also understood by plaintiff that, pursuant to Title 28 , Section 2678 of the

2    United States Code, attorneys' fees for services rendered in connection with this Lawsuit shall

3    not exceed 25 percent of the Settlement Amount.

4    8.    Payment of the Settlement Amount will be made by a check drawn on the United

5    States Postal Service and will be made payable to "Gregory Brock State Bar Trust Account."

6    9.    In consideration of payment of the Settlement Amount and this Agreement,

7    plaintiff agrees that upon notification that the settlement check is ready for delivery, he will

8    deliver to defense counsel a fully executed Stipulation for Dismissal with Prejudice of the

9    Lawsuit.  Upon delivery of the Stipulation for Dismissal with Prejudice, defense counsel will

10   release the settlement check to plaintiff's counsel.

11   10.    Plaintiff has been informed that payment of the Settlement Amount may take sixty

12   days or more to process, but defendant agrees to make good faith efforts to expeditiously process

13   the payment.

14   11.    The parties agree that should any dispute arise with respect to the implementation

15   of the terms of this Agreement, plaintiff shall not seek to rescind the Agreement and pursue his

16   original causes of action.  Plaintiff's sole remedy in such a dispute is an action to enforce the

17   Agreement in the United States District Court.  The parties agree that the United States District

18   Court will retain jurisdiction over this matter for purposes of resolving any dispute alleging a

19   breach of this Agreement.

20   12.    In consideration of payment of the Settlement Amount and this Agreement,

21   plaintiff hereby releases and forever discharges the United States of America and any and all of

22   its past and present officials, employees, agencies, agents, attorneys, successors, and assigns from

23   any and all obligations, damages, liabilities, actions, causes of action, claims, and demands of

24   any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or

25   unknown, arising out of the allegations set forth in the pleadings in the Lawsuit.

26   13.    California Civil Code Section provides as follows:

27          A general release does not extend to claims which the creditor does

28          not know or suspect to exist in his favor at the time of executing

             the release, which if known by him must have materially affected

1         his settlement with the debtor.

2

3  Plaintiff, having been apprised of such language by his attorney, and fully understanding the

4  same, nevertheless waives the benefits of any and all rights he may have pursuant to Section

5  1542 and any similar provisions of federal law.  Plaintiff understands that, if the facts concerning

6  his injuries and the liability of the defendant for damages pertaining thereto are found hereinafter

7  to be other than or different from the facts now believed to be true, this Agreement shall be and

8  remain effective notwithstanding such difference.

9         14.    This instrument shall constitute the entire agreement between the parties, and it is

10  expressly understood and agreed that this Agreement has been freely and voluntarily entered into

11  by the parties with the advice of counsel, who have explained the legal effect of this Agreement.

12  The parties further acknowledge that no warranties or representations have been made on any

13  subject other than as set forth in this Agreement.  This Agreement may not be altered, modified,

14  amended, or otherwise changed in any respect except by writing, duly executed by all parties and

15  their authorized representatives.

16  Dated: _12-30-08_                                                      

17                                           JAMES POINT
                                         Plaintiff

18  Dated: _1-5-09_                                          BROCK LAW OFFICE

19

20                                           GREGORY BROCK
                                         Attorney for Plaintiff

21  Dated: _1/8/09_                                          JOSEPH P. RUSSONIELLO

22                                           United States Attorney

23

24                                           JENNIFER S WANG

25                                           Assistant United States Attorney
                                         Attorneys for Defendant

26

27

28

1

**[PROPOSED] ORDER**

2

THE ABOVE SETTLEMENT AGREEMENT IS APPROVED, AND IT IS SO

3

ORDERED.

4

5

Dated: _____January 8, 2009_____

6

HON. ELIZA_____
United States Judge Elizabeth D. Laporte

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28